NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 27, 2016

Christopher Budinich
156 Park Avenue
Apartment #419
Rutherford, NJ 07070
*Plaintiff*

Peter J. Gallagher, Esq.
Porzio Bromberg & Newman, P.C.
100 Southgate Parkway
Morristown, NJ 07962
*Attorneys for Defendant BankUnited, F.S.B.*

### LETTER ORDER FILED WITH THE CLERK OF THE COURT

    Re:    **Budinich v. Bank United, FSB**
             **Civil Action No. 15-7833 (SDW) (SCM)**

Litigants:

    Before this Court is Plaintiff's Motion for Entry of an Order for Default Judgment and Defendant BankUnited, N.A.'s[1] ("BankUnited") Cross-Motion to Set Aside Entry of Default and for Leave to Answer, Move or Otherwise Respond to the Complaint.

    This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, denies Plaintiff's Motion and grants Defendant's Cross-Motion.

---

[1] BankUnited is the assignee for Bank United, F.S.B., improperly pled as Bank United FSB, A Corporation. For clarity's sake and for purposes of this motion, this Court will use Bank United, F.S.B. to refer to the entity that entered into a loan agreement with Plaintiff in September, 2005 and that Plaintiff identified as the Defendant in his Complaint. This Court shall use "Defendant" at all times to refer to BankUnited, N.A.

**DISCUSSION**

    A.  Standard of Review

Federal "Rule [of Civil Procedure] 55 sets forth a two-part process for obtaining a default and then a default judgment." *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011). The first step requires "the clerk . . . to enter the party's default" once a defendant "fail[s] to plead or otherwise defend" against allegations in the complaint, "and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). The second step requires "the party . . . [to] apply to the court for a default judgment." FED. R. CIV. P. 55(b). The district court has the discretion to grant or deny a party's motion for a default judgment. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

"Before granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted, (2) whether defendant has a meritorious defense, and (3) whether defendant's delay was the result of culpable misconduct." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-CV-1581, 2007 WL 1674485 at *3 (D.N.J. June 8, 2007).

    B.  Entry of Default Judgement is Inappropriate and Defendant Should be Granted the Opportunity to Respond to Plaintiff's Complaint

Plaintiff filed suit against Bank United, F.S.B. in this Court on November 2, 2015 in a dispute over a loan agreement for the purchase of real estate and subsequent foreclosure. (Dkt. No. 1.) Bank United, F.S.B. ceased to exist on May 21, 2009, when it was closed by the Office of Thrift Supervision and Defendant became Bank United, F.S.B's assignee for certain assets. (Def.'s Opp. Br. at 1; Cert. Peter Gallagher ¶2, Ex. A.)[2] The Clerk of the Court entered a default against Bank United, F.S.B. on December 11, 2015 for failure to plead or otherwise defend. On December 21, 2015, Plaintiff moved for an entry of default judgment against Bank United, F.S.B. (Dkt. No. 10.) On January 5, 2016, Defendant filed a cross-motion to set aside default and for leave to respond to the Complaint. (Dkt. No. 12.)

There is no prejudice to Plaintiff if Defendant's Cross-motion is granted. Plaintiff will now have to prove the merits of his claim, but neither the time nor effort involved in that process is prejudicial. *See, e.g.,Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991).

Futher, Defendant has alleged meritorious defenses to the claims contained in the Complaint. Defendant alleges that Plaintiff's claims were previously litigated in state court and are now barred by *res judicata,* the Rooker-Feldman doctrine, and/or statutory limitations pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U.S.C.A. §1821(d)(13)(D). (Def.'s Opp. Br. at 7-11, Decl. Peter Gallagher Exs. B, C, D.)

Finally, the default was not caused by Defendant's misconduct or bad faith. Defendant does not hold the note or mortgage at issue in this case. Therefore, when Defendant received

---

[2] It is unclear if Bank United, F.S.B. or Defendant were properly served.

material from Plaintiff, it would forward that material to the current loan servicer. Defendant learned of this suit only by chance and when it became aware of it, Defendant hired counsel and filed its cross-motion. (*See* Def.'s Opp. Br. at 12-13; Decl. Lewellyn Kamin ¶¶ 5-9.)

Therefore, Plaintiff's Motion for Entry of an Order for Default Judgment is **DENIED** and Defendant's Motion to Set Aside Entry of Default and for Leave to Answer, Move or Otherwise Respond to the Complaint is **GRANTED**.

**CONCLUSION**

For the reasons set forth above,

**IT IS** on this 27th day of January, 2016,

ORDERED that Plaintiff's Motion for Entry of an Order for Default Judgment is **DENIED**; and it is further

ORDERED that Defendant's Motion to Set Aside Entry of Default and for Leave to Answer, Move or Otherwise Respond to the Complaint is **GRANTED**. Defendant has twenty-one (21) days to answer, move or otherwise respond to the Complaint.

**SO ORDERED**.

　/s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J


Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.